# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **NORMA WILLIAMS, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | Case No.: 2:15-cv-919-MHH |
| } | |
| **SANTANDER CONSUMER USA,** } | |
| **INC.,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION AND ORDER

The plaintiffs in this action allege that the defendant, Santander Consumer USA (Santander), violated the Telephone Consumer Protection Act (TCPA) by using an automatic telephone dialing system to call the plaintiffs' cell phones without the plaintiffs' prior express consent. (Doc. 1, ¶¶ 31–51). The Court previously denied Santander's motion to dismiss the action for lack of personal jurisdiction with respect to the claims of eight plaintiffs who reside in and received phone calls from Santander in Tennessee. (Doc. 44). Santander now asks the Court to reconsider its previous order regarding personal jurisdiction. (Doc. 56). Alternatively, Santander asks the Court to certify the question of personal jurisdiction with respect to the Tennessee plaintiffs for immediate appeal pursuant

1

to 28 U.S.C. § 1292(b).  (Doc. 56).  This opinion addresses Santander's motion for reconsideration and alternative request for an interlocutory appeal.

## I. STANDARD FOR RECONSIDERATION

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267 (N.D. Ala. 2006).  "Indeed, as a general rule, '[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.'" *Id.* at 1268 (quoting *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003)) (alteration provided by *Rueter*).  "A motion for reconsideration should not be used to present authorities available at the time of the first decision or to reiterate arguments previously made."  *Z.K. Marine, Inc. v. Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992).

## II. DISCUSSION

### A. Motion for reconsideration

In its opinion denying Santander's motion to dismiss the Tennessee plaintiffs' claims for lack of personal jurisdiction, the Court found that "[t]here is simply no constitutional harm in compelling Santander to defend TCPA claims of plaintiffs from both Alabama and Tennessee in this forum when Santander created

contacts with Alabama and designed a means of debt collection that makes litigation of all of these claims in Alabama both fair and efficient." (Doc. 44, p. 14).  The Court explained that, because Santander's practice of attempting to collect debt by calling borrowers' cell phones potentially reaches into every state, the company knows or reasonably should know that it may be compelled to litigate in any state.  (Doc. 44, p. 12).

In its motion for reconsideration, Santander does not contend that new evidence has become available, nor does the company present evidence of an intervening change in controlling law.  Rather, Santander reiterates the arguments it raised in its motion to dismiss.[1]  Specifically, Santander argues that because the Tennessee plaintiffs' claims do not arise from "any of [Santander's] Alabama activities," the Court is without jurisdiction over Santander with respect to the Tennessee plaintiffs' claims.  (Doc. 56, p. 4).

As the Court has explained, the Tennessee plaintiffs' claims arise from Santander's practice of calling borrowers' cell phones to collect debt.  Because of the mobile nature of cell phones, Santander cannot predict where a borrower will

---

[1] Santander also argues that the Court's ruling regarding personal jurisdiction is inconsistent with a previous order that the Court entered in *Carmen Woods, et al. v. Santander Consumer USA, Inc.*, No. 2:14-cv-02104-MHH, a case with which the instant action is consolidated. (Doc. 56, p. 12).  The Court's ruling in *Woods* depended, in part, on the specific circumstances of that case, which included state-law class claims not present here.  (*See* No. 2:14-cv-02104, Doc. 53, p. 5). Furthermore, the Court is not bound by its prior decisions.  *See McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004).  The Court gave limited consideration to Santander's personal jurisdiction arguments in *Woods* because the Court found that the state-law claims provided a sound basis for transfer of venue.

be located when he or she receives a call from Santander on his or her cell phone. Thus, each time Santander calls a borrower's cell phone, the company knows or reasonably should know that it may have to litigate a TCPA claim in any state as a result of that call. The Court's exercise of jurisdiction over Santander with respect to the Tennessee plaintiffs' claims, in conjunction with its exercise of jurisdiction over the Alabama plaintiffs' claims, is therefore consistent with the constitutional principles that underlie the law of personal jurisdiction. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. and Placement*, 326 U.S. 310, 316 (1945)) (requiring courts to consider "traditional notions of fair play and substantial justice" when deciding whether to exercise personal jurisdiction).

The Court's denial of Santander's motion to dismiss the action for lack of personal jurisdiction with respect to the Tennessee plaintiffs does not constitute clear error or manifest injustice. Accordingly, the Court denies Santander's motion to reconsider whether the Court has personal jurisdiction over the company with respect to the Tennessee plaintiffs' claims.

**B.    Request to file interlocutory appeal**

Alternatively, Santander asks the Court for leave under 28 U.S.C. § 1292(b) to file a permissive interlocutory appeal to the Eleventh Circuit. (*See* Doc. 56). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Section 1292(b) was prompted by a proposal to Congress from the Judicial Conference of the United States Courts. *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1256 (11th Cir. 2004). The proposal was based, in part, on a report authored by a committee of judges appointed by the Chief Justice of the United States Supreme Court to study the matter of interlocutory appeals. *Id.* Emphasizing the "limited scope" of the proposed remedy, the report stated that "appeal from interlocutory orders . . . should be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases . . . ." *Id.* at 1256 (citation and internal quotation marks omitted). The report further stated that "[i]t is not thought . . . that mere question as to the correctness of the ruling would prompt the granting of the certificate." *Id.* (citation and internal quotation marks omitted).

Here, even if the Eleventh Circuit were to determine that this Court lacks personal jurisdiction over Santander with respect to the Tennessee plaintiffs' claims, such a determination would not, as § 1292(b) requires, "serve to avoid a trial or otherwise shorten the litigation." *McFarlin*, 381 F.3d at 1259. Upon such a

ruling, this Court would transfer the Tennessee plaintiffs' claims to an appropriate forum in Tennessee, and the litigation as to those plaintiffs would continue there. *See* 28 U.S.C. § 1631 ("Whenever [a district court] finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer [an] action to any other . . . court in which the action . . . could have been brought at the time it was filed."). Litigation in this venue would continue as to the Alabama plaintiffs. Thus, immediate review of the Court's ruling on jurisdiction would not materially advance the ultimate termination of this litigation, and the Court declines to certify its ruling for interlocutory appeal.

## III.   CONCLUSION

Because the Court's decision to exercise jurisdiction over Santander with respect to the Tennessee plaintiffs' claims does not constitute clear error or manifest injustice, and because Santander has not presented evidence of an intervening change in controlling law or the availability of new evidence, the Court **DENIES** Santander's motion for reconsideration. Additionally, the Court **DENIES** Santander's request for leave to file an interlocutory appeal to the Eleventh Circuit. The Court asks the Clerk to please **TERM** Doc. 56.

**DONE** and **ORDERED** this February 7, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE